1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11
12
13
14
15
16
17

MICHAEL R. SPENGLER,

          Petitioner,

      v.

L.A.D.A. OFFICE, et al.

          Respondents.

) Case No. 2:21-cv-05854-DOC (SP)
)
)
)
)
) MEMORANDUM AND ORDER
) SUMMARILY DISMISSING
) PETITION FOR WRIT OF
) HABEAS CORPUS
)
)
)

18
19

**I.**

**INTRODUCTION**

20
21
22
23
24
25

    On July 19, 2021, petitioner Michael R. Spengler, an inmate at the Twin Towers Correctional Facility ("TTCF"), filed what purports to be a Petition for Writ of Habeas Corpus ("the Petition").[1]  Petitioner is a pretrial detainee, and argues respondents are violating his First Amendment and Sixth Amendment rights as well as his due process rights on the grounds that he is being denied

26
27
28

    [1]  Petitioner filed the instant Petition under 28 U.S.C. § 2241; however, because petitioner is an inmate detained in state custody, the court construes the Petition as filed pursuant to 28 U.S.C. § 2254.

1  meaningful access to the court and his right to counsel is being violated in his
2  upcoming state trial.

3      With the Petition, petitioner also filed what appeared to be a motion for a
4  Temporary Restraining Order ("TRO").  On July 28, 2021, the Court denied
5  petitioner's motion to the extent that it can be construed as a request for a TRO,
6  finding that the issues petitioner raised could not be addressed through a TRO, and
7  that even if the Court could remedy such issues, petitioner did not establish he is
8  likely to succeed on the merits of his claims.  The Court now considers the
9  Petition.

10     For the reasons that follow, the Petition will be summarily dismissed.  Most
11 fundamentally, petitioner does not seek relief that is cognizable in a habeas
12 petition, since petitioner is not challenging the legality of his confinement.
13 Moreover, under the *Younger* Abstention Doctrine, this Court may not intervene in
14 petitioner's pending state criminal case, as petitioner asks the Court to do.  *See*
15 *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

**II.**

**BACKGROUND**

18     This is not petitioner's first attempt to convince this Court to intervene in
19 his state criminal proceedings.  He has done so in numerous other cases, including
20 by way of civil rights complaints (case numbers 2:17-cv-00450-DOC (SP), 2:17-
21 02078-DOC (SP), 2:17-cv-03078-DOC (SP), 2:17-cv-04100-DOC (SP), 2:17-cv-
22 06552-DOC (SP), 2:18-cv-00097-RGK (JPR), and 2:21-cv-06051-DOC (SP)), and
23 in other habeas petitions (case numbers 2:17-cv-00884-DOC (SP) and 2:19-cv-
24 08259-DOC (SP)).  The Court has denied all such efforts, repeatedly finding and
25 advising petitioner that, inter alia, the Court must abstain from interfering with the
26 state criminal case under the *Younger* Abstention Doctrine.

27     In the instant Petition, petitioner again seeks this Court's assistance with his

2

1    pending state criminal case.  He generally argues that his "pretrial detention is

2    unlawful because he is being held illegally in violation of the Constitution, laws,

3    or treaties of the United States in his criminal case BA451330-01."  Petition at 5.

4    Petitioner does not specify how his pretrial detention violates the Constitution, and

5    his detention does not in fact appear to be the subject of his Petition.

6        Instead, he challenges the conduct of the prosecutor and trial court in his

7    pending state criminal case on which he is awaiting trial, currently scheduled for

8    August 23, 2021.  Specifically, petitioner alleges that respondents are not

9    "provid[ing] him with 1st Amendment meaningful court access" and that they are

10   violating his Sixth Amendment right to counsel by requiring him to sit at another

11   table six feet away from his attorneys despite his complete hearing loss in one ear

12   and limited hearing in his other ear.  *Id.* at 5-8.  Petitioner also contends

13   "respondents will not provide to him his 20 [peremptory] jury challenges violating

14   his due process and right to a fair and impartial jury," because the courtroom only

15   holds 25 jurors at a time rather than the 100 jurors that petitioner believes he is

16   entitled to.  *Id.* at 10-11.  Petitioner further asserts his due process rights are being

17   violated, because "respondents will not call a full complete jury panel or one that

18   represents a cross section of the community," and he is being denied the ability to

19   call certain witnesses.  *Id.* at 11-15.

20       It is unclear to this Court exactly what relief petitioner requests with the

21   instant Petition, but it appears he is asking the Court to intervene in his pending

22   state criminal case by ordering the Superior Court to modify the way it will

23   conduct his trial and to allow certain witnesses to appear remotely at the trial.

### III.

### <u>DISCUSSION</u>

26       Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to

27   summarily dismiss a habeas petition "[i]f it plainly appears from the petition and

28

1  any exhibits annexed to it that the petitioner is not entitled to relief in the district

2  court." Rule 4 also authorizes dismissals on procedural grounds. *See* 28 U.S.C.

3  foll. § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d

4  599, 602 (9th Cir. 1989).  Here, the Petition must be dismissed because, as

5  discussed below, it does not raise a cognizable habeas corpus claim over which

6  this Court has jurisdiction, and because it asks this Court to intervene in a pending

7  state criminal case in contravention of the *Younger* Abstention Doctrine.

8  **A.    The Petition Does Not Raise a Cognizable Claim for Habeas Relief**

9        Section 2254 permits a federal court to entertain a habeas petition by a

10  prisoner in state custody "only on the ground that he is in custody in violation of

11  the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

12  "[T]he essence of habeas corpus is an attack by a person in state custody upon the

13  legality of that custody, and . . . the traditional function of the writ is to secure

14  release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct.

15  1827, 36 L. Ed. 2d 439 (1973); *Burnett v. Lampert*, 432 F. 3d 996, 999 (9th Cir.

16  2005).  Here, this Court lacks jurisdiction to entertain the instant Petition because

17  petitioner is not claiming he is in custody in violation of the Constitution or other

18  federal law.  *See Baily v. Hill*, 599 F.3d 976, 979-82 (9th Cir. 2010) (§ 2254's

19  jurisdictional requirement includes that the habeas challenge be to the lawfulness

20  of petitioner's custody).  Instead, he is challenging aspects of his upcoming trial

21  on his pending state criminal case, which primarily appear to concern pandemic

22  related restrictions by the trial court.  This is not a cognizable habeas corpus claim

23  over which this Court has jurisdiction.

24        A federal court has the discretion to construe a mislabeled habeas corpus

25  petition as a civil rights action and permit the action to proceed, such as when the

26  petition seeks relief from the conditions of confinement.  *See Wilwording v.*

27  *Swenson*, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971) (per curiam)

28

1  (holding that where a habeas corpus petition presents § 1983 claims challenging
2  conditions of confinement, the petition should be construed as a civil rights
3  action), superseded by statute on other grounds as recognized in *Woodford v. Ngo*,
4  548 U.S. 81, 84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006).  But petitioner is not
5  challenging the conditions of his confinement in the instant Petition.  Additionally,
6  petitioner previously sought to raise similar claims by filing civil rights
7  complaints, and those complaints were dismissed as prohibited by the *Younger*
8  Abstention Doctrine.  As discussed below, *Younger* also precludes this Court from
9  acting in the instant case.  Consequently, construing the instant habeas Petition as
10  a civil rights complaint would be futile.

11  **B.    This Court Must Abstain Under *Younger***

12      The *Younger* Abstention Doctrine prohibits federal courts from staying or
13  enjoining pending state criminal court proceedings or "considering a
14  pre-conviction habeas petition that seeks preemptively to litigate an affirmative
15  constitutional defense unless the petitioner can demonstrate that extraordinary
16  circumstances warrant federal intervention."  *Brown v. Ahern*, 676 F.3d 899, 901
17  (9th Cir. 2012) (internal quotation marks omitted); *see Younger v. Harris*, 401
18  U.S. 37.  *Younger* abstention is appropriate when: (1) the state court proceedings
19  are ongoing; (2) the proceedings implicate important state interests; and (3) the
20  state proceedings provide an adequate opportunity to raise the constitutional
21  claims.  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423,
22  432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Baffert v. Cal. Horse Racing Bd.*,
23  332 F.3d 613, 617 (9th Cir. 2003).

24      The first two *Middlesex* elements for the *Younger* Abstention Doctrine to be
25  invoked are plainly present here.  There is an ongoing state proceeding, the
26  criminal case against petitioner.  And the criminal proceeding implicates important
27  state interests because it involves an alleged violation of state criminal law that is

28

1    being adjudicated in state court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13,

2    107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (enforcement of state court judgments and

3    orders implicates important state interests); *see also People of State of Cal. v.*

4    *Mesa*, 813 F.2d 960, 966 (9th Cir. 1987) ("A [state's] ability to protect its citizens

5    from violence and other breaches of the peace through enforcement of criminal

6    laws is the centermost pillar of sovereignty.").

7        Petitioner's arguments and assertions in the Petition implicitly challenge the

8    third *Middlesex* element, in that he suggests that he faces irreparable injury

9    because his federal civil rights are being violated in the prosecution of him.  But

10   petitioner fails to explain why he cannot raise the claims he seeks to raise here in

11   his criminal case.  If petitioner is in fact being denied meaningful access to the

12   court, his right to counsel, or the ability to fully and fairly present his defense, he

13   may raise those First Amendment and Sixth Amendment claims and due process

14   challenges before and during his state criminal trial, and in any appeal he might

15   bring if he is convicted.  It is thus apparent that the state court criminal

16   proceedings have provided and will provide an adequate opportunity for petitioner

17   to litigate his constitutional claims.  "The 'adequate opportunity' prong of

18   *Younger* . . . requires only the absence of 'procedural bars' to raising a federal

19   claim in the state proceedings." *Commc'ns Telesystems Int'l v. Cal. Pub. Util.*

20   *Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999).  Petitioner here faces no such

21   procedural bars.

22       For this Court to grant the injunctive relief petitioner requests, or even to

23   allow this case to proceed, would amount to interfering with the trial of

24   petitioner's state criminal case.  There are no "extraordinary circumstances"

25   present here that would warrant federal intervention.  The Ninth Circuit found

26   under *Perez v. Ledesma*, 401 U.S. 82, 91 S. Ct. 674, 27 L. Ed. 2d 701 (1971), the

27   Supreme Court has "limited the category of 'extraordinary circumstances' to

28

6

encompass only 'cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' or where 'irreparable injury can be shown.'" *Brown*, 676 F.3d at 901 (citing *Carden v. State of Montana*, 626 F.2d 82, 84 (9th Cir. 1980)); *see Juidice v. Vail*, 430 U.S. 327, 338, 97 S. Ct. 1211, 51 L. Ed. 2d 376 (1977).  Petitioner's allegations do not indicate he is being prosecuted without reasonable hope of conviction.  Indeed, as discussed in other cases petitioner has brought, a jury hung on a charge against him, and he will be retried on that and another charge.  Nor, as discussed above, does petitioner allege he faces irreparable injury "other than that incidental to every criminal proceeding brought lawfully and in good faith." *Younger*, 401 U.S. 47 (internal quotation marks omitted) (quoting *Douglas v. City of Jeannette*, 319 U.S. 157, 164, 63 S. Ct. 877, 87 L. Ed. 1324 (1943)).  Petitioner here simply disagrees with certain restrictions that he suspects will be implemented in his upcoming state trial, but that is a matter he can raise in his state case.  Petitioner's arguments do not demonstrate extraordinary circumstances that warrant this Court's intervention in the state court proceedings.

In sum, this Court lacks jurisdiction over the Petition because it does not raise a cognizable claim for habeas relief.  But even if the Petition were cognizable, this Court would need to abstain under *Younger*.

//

//

//

7

# IV.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action with prejudice.

DATED: _____August 4_____, 2021

_____

HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____

SHERI PYM
UNITED STATES MAGISTRATE JUDGE